UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**LARRY WAYNE MCCRAY**            **CIVIL ACTION NO. 16-cv-0260**

**VERSUS**            **JUDGE HICKS**

**USA**            **MAGISTRATE JUDGE HORNSBY**

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Gregory Lynn Johnson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on February 25, 2016. Plaintiff is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He names the USA as defendant.

Plaintiff claims that AEDPA and all other statutes that deny him his First Amendment rights are unconstitutional. He claims the AEDPA one year statute of limitations denied him access to the courts.

As relief, he seeks to have AEDPA and all other statues that deny him his First Amendment right of access to the courts declared unconstitutional.

For the reasons stated below, Plaintiff's complaint should be dismissed as frivolous.

## LAW AND ANALYSIS

Plaintiff alleges that the one year statute of limitations for filing a federal habeas corpus petition is unconstitutional in violation of the First Amendment to the United States Constitution. However, the one year statute of limitations is clearly constitutional. Petitioner

had a reasonable opportunity to have his claim heard on the merits. The one year statute of limitations does not constitute an unconstitutional suspension of the writ of habeas corpus. See Rojas v. Cockrell, 44 Fed.Appx. 652 (5th Cir. 2002).

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time before or after service of process and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons stated, the court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law and in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 4th day of April, 2016.

Mark L. Hornsby
U.S. Magistrate Judge